Nippert, J.
On March 1, 1918, the defendant in this case was found guilty of being the father of a bastard child, three-fourths of the jury signing the verdiQt of guilty.
The defendant by his counsel filed a motion for a new trial claiming that the proceeding in bastardy, being gwcm-criminal in its nature, required the unanimous consent of twelve men before a verdict could .be returned.
Attorneys for the defendant assert that under Article I, Section 5, of the Constitution of Ohio, “the right of trial by jury shall be inviolate, except in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury,” and that this .amendment to *479 our Constitution has the effect of specifically limiting the three-fourths jury verdict to civil actions and to no other class of proceedings.
The main question at issue is, whether under our statute a proceeding in bastardy is a criminal or a civil proceeding, and the court is of opinion that this question has been decided definitely and clearly by Justice Brinkerhoff, in the case of Carter v. Krise, 9 Ohio St., page 405, where the court say:
“The question before us, then, depends altogether upon the inquiry, whether a proceeding in bastardy is a civil or criminal proceeding. If it is a civil proceeding, Section 310 of the code applies, and the defendant is ,a competent witness * * *
“ It is certainly true that none of the forms and models of proceeding under our bastardy act are analogous to proceedings in criminal eases. And yet the most of the incidents to such a proceeding are such as belong to proceedings strictly civil. It is, or may be, prosecuted in the name of a private party only — the mother of the child, or the township trustees. On a bond of indemnity being given that the child shall not become a public charge, the proceeding may be compromised and discharged by the mother of the child. It is prosecuted neither by information nor indictment. It is no part of the duty of the attorney for the state to prosecute it. The defendant after conviction is entitled to all the benefit of the act for the relief of insolvent debtors ; and, I suppose, it will not be claimed that at any stage of the proceeding he can be the subject of pardon by the executive.
“But, after all, this question can properly be determined only by looking into the essential nature, aim and object of the proceeding. Does it aim to punish the defendant? or is it in its nature simply a remedy to enforce the discharge of a civil and moral duty? It is clearly the latter, and that only. It is the duty of every man who becomes the father of a child to contribute to its support, and to save the public from the burden of its maintenance. This duty the statute aims to enforce. There is nothing punitive about it. Hawes v. Cooksey and James, 13 Ohio, 242; Marston v. Jenness, 11 N. H., 156.”
See Hawes v. Cooksey, 13 Ohio, 242; Musser v. Stewart, 21 Ohio St., 356.
“In many of the states begetting a bastard child is made an offense and punished by indictment; but in this state it is not *480 so. The proceeding here is not strictly civil or criminal. It neither punishes a crime nor gives redress for a civil injury. It is simply a statutory remedy to enforce a high moral duty; and the moral duty is enforced to prevent a burden which ought to rest upon the father from falling upon the public.” Perkins v. Mobley, 4 Ohio St., 673.
The same line of reasoning is followed in,the ease of Musser v. Stewart, 21 Ohio St., 356.
Defendant’s attorneys, in-referring to Musser v. Stewart, attempt to place bastardy in the category of strictly criminal transgressions for the reason that the court referred to the act of the putative father ,as “an offense against the peace and good order of society.” But this court is not inclined to enlarge the word “offense” used in that connection to a crime, but holds it merely descriptive of an offense against the peace and good order of society. Only a preponderance of the evidence is necessary to prove the allegations of the mother’s claim instead of proof beyond a reasonable doubt, which would be the rule were bastardy considered a criminal offense under our statute.
When this case was submitted to the jury, in the civil branch of this court, the rules applicable to the trial of civil actions were applied, and under the rulings of our Supreme Court pertaining to the offense of bastardy the court feels safe in holding that it is not a criminal proceeding, but a civil proceeding, in which the rule of a three-fourths jury verdict holds.
The motion for a new trial will be overruled ,and a judgment entry may be prepared.